**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1552**

SUHAIL AKHTAR,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A74-204-705)

Submitted:  January 9, 2008          Decided:  April 1, 2008

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Michael W. Lin, BRAVERMAN & LIN, P.C., Arlington, Virginia, for
Petitioner.  Peter D. Keisler, Assistant Attorney General, Daniel
E. Goldman, Senior Litigation Counsel, Mona Maria Yousif, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Suhail Akhtar, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("Board") finding that Akhtar is an arriving alien under 8 C.F.R. § 1001.1(q) (2007), and as such, under 8 C.F.R. § 1245.2(a)(1)(ii) (2007), the immigration judge had no jurisdiction to adjudicate Akhtar's application for adjustment of status.

We agree with the Board that, under 8 C.F.R. § 1001(q), Akhtar is clearly an arriving alien seeking admission to the United States as defined in 8 U.S.C. § 1101(a)(13)(B) (2000). The applicable regulation clearly provides that (subject to an exception not relevant here) "[i]n the case of an arriving alien who is placed in removal proceedings, the immigration judge does not have jurisdiction to adjudicate any application for adjustment of status filed by the arriving alien." 8 C.F.R. § 1245.2(a)(1)(ii); see also 8 C.F.R. § 245.2(a)(1) (2007) (stating that the United States Citizenship and Immigration Services "has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under [the exception set forth in] 8 C.F.R. § 1245.2(a)(1)").[*]

---

[*]To the extent that Akhtar seeks to challenge the validity of 8 C.F.R. § 1245(a)(4)(ii)(B) (2007), his failure to raise this claim before the Board deprives us of jurisdiction. 8 U.S.C.

- 2 -

We also hold that the Board did not abuse its discretion in denying Akhtar's motion to remand proceedings to the immigration judge.  See Obioha v. Gonzales, 431 F.3d 400, 408 (4th Cir. 2005) (standard of review of denial of motion to remand).  Therefore, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

§ 1252(d)(1) (2000).

- 3 -